REQUESTED BY: Lawrence R. Myers, Executive Director, Nebraska Equal Opportunity Commission
Does Neb.Rev.Stat. § 48-1103(1) (Reissue 1978) create a blanket exemption for religious corporations, associations and societies from the jurisdiction of the Nebraska Fair Employment Practices Act?
No.
Neb.Rev.Stat. § 48-1103 states in pertinent part, `Sections 48-1101 to 48-1125 shall not apply to: (1) A religious corporation, association or society with respect to the employment of individuals of a particular religion to perform work connected with the carrying on by such corporation, association, or society of its religious activities, . . .'
The language of this statute comes directly from § 702 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1, as it was enacted in 1964. (A 1972 amendment to the federal law expands the exemption to all `activities,' not just `religious' ones, PL92-261).
In determining whether a religious organization would be liable for a violation of Title VII, federal courts have applied a two step analysis, based on the holding of NLRBv. Catholic Bishop of Chicago, 440 U.S. 490 (1979).
 Where the exercise of a federal regulatory statute over a religious institution raises serious first amendment questions, a court must first determine whether the statute provides jurisdiction over the institution. The test used to make this determination is whether there was a `clear expression of an affirmative intention of Congress' to include religious institutions within the scope of the statute.'
Ritter v. Mount St. Mary's College, 495 F. Supp. 724, 726, 23 FEP Cases 734 (D.Md. 1980).
Construing the language of § 702 and § 703(e)(2), which provides for a similar exemption for employment practices at religiously based educational institutions, federal courts have concluded that Title VII does apply to religious institutions. The one exemption clearly set out in the statute is that religious employers may discriminate on the basis of religion. `Every court that has considered Title VII's applicability to religious employers has concluded that Congress intended to prohibit religious organizations from discriminating among their employees on the basis of race, sex, or national origin.' EEOC v. Pacific Press PublishingAss'n., 676 F.2d 1272, 1277, 28 FEP Cases 1596 (9th Cir. 1982). EEOC v. Mississippi College, 626 F.2d 477, 23 FEP Cases 1501 (5th Cir. 1980); Dolter v. Wahlert High School,483 F. Supp. 266, 21 FEP Cases 1413 (N.D. Iowa 1980) The Fifth Circuit has ruled that Title VII does not apply to the employment relationship between a church and its ministers; however, the concepts of `church' and `minister' for legal purposes must be defined in each case. EEOC v. MississippiCollege, supra; EEOC v. Southwestern Baptist Seminary,651 F.2d 277, 26 FEP Cases 558 (5th Cir. 1981).
Because the language of Neb.Rev.Stat. § 48-1103 is practically identical to that in § 702 of Title VII, it is our conclusion that the Fair Employment Practice Act does apply to religious employers in certain situations. The exemption for preferential treatment in the employment of individuals based on a particular religion for religious educational institutions, found at Neb.Rev.Stat. 48-1108(2) (Reissue 1978), is also taken directly from Title VII, 42 U.S.C. § 2000e-2(e)(2). It is our opinion that the NEOC has jurisdiction to investigate claims of discrimination based on race, color, sex, disability, marital status and national origin which have been filed against religious corporations, associations, or societies as employers. However the NEOC does not have jurisdiction to investigate claims of discrimination based on religion against such employers.
If, in an investigation of discrimination based on factors other than religion, the religious institution `presents convincing evidence that the challenged employment practice resulted from discrimination on the basis of religion,' it can be argued that the NEOC would not have jurisdiction `to investigate further to determine whether the religious discrimination was a pretext for some other form of discrimination.' EEOC v. Mississippi College, supra,626 F.2d at 485.
Assuming there is a jurisdiction, the second determination which the federal courts have required is whether application of Title VII in a particular case against a religious employer `would violate the guarantees of the Religion Clauses of the First Amendment.' Ritter v. Mount St.Mary's College, supra, 495 F. Supp. at 729. The First Amendment of the United States Constitution states that `Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; . . .' In an investigation of a religious employer by the NEOC, these guarantees must be kept in mind.
Very truly yours, PAUL L. DOUGLAS Attorney General Dale D. Brodkey Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General